UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANIEL F.,

                Plaintiff,                      **DECISION AND ORDER**

   v.                                                    1:22-CV-00007 CDH

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
_____

## INTRODUCTION

Plaintiff Daniel F. ("Plaintiff") seeks review of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant") denying his application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act (the "Act"). (Dkt. 1). Under Rules 5 through 8 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) and Local Rule of Civil Procedure 5.5(d), the matter has been presented for decision by the parties' filing of motions for judgment on the pleadings. (*See* Dkt. 8; Dkt. 9; Dkt. 10). For the reasons that follow, the Court grants Plaintiff's motion to the extent that the matter is remanded for further administrative proceedings and denies the Commissioner's motion.

## BACKGROUND

On June 3, 2019, Plaintiff protectively filed his application for DIB. (Dkt. 4 at 19, 91).[1] His application was initially denied on July 18, 2019, and upon

---

[1] In referencing the administrative transcript, the Court has referred to the page numbers generated by CM/ECF and found in the upper right corner of the documents.

reconsideration on August 19, 2019. (*Id.* at 19, 103-26). Plaintiff requested a hearing before an administrative law judge ("ALJ") (*id.* at 130-32), which was held on September 15, 2020, and April 13, 2021 (*id.* at 35-84). On May 28, 2021, the ALJ issued an unfavorable decision. (*Id.* at 16-35). Plaintiff sought review from the Appeals Council, which denied his request on November 5, 2021. (*Id.* at 5-7). Plaintiff thereafter commenced this action. (Dkt. 1).

## LEGAL STANDARD

### I. Administrative Determination of Disability

The Social Security Administration's ("SSA") regulations establish a five-step, sequential evaluation that an ALJ follows in determining whether a claimant is disabled within the meaning of the Act. *See Sczepanski v. Saul*, 946 F.3d 152, 156 (2d Cir. 2020); 20 C.F.R. § 404.1520(a). At step one, the ALJ determines whether the claimant is currently engaged in substantial gainful work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not, the ALJ continues to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. *Id.* § 404.1520(a)(4)(ii). An impairment is "severe" within the meaning of the Act if it significantly limits the claimant's physical or mental ability to do basic work activities. *Id.* § 404.1520(c).

If the claimant has at least one severe impairment, the ALJ proceeds to step three. There, the ALJ determines whether the claimant's impairment or impairments meet or medically equal the criteria of the impairments listed in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(a)(4)(iii). If the claimant does not have an impairment that both meets or medically equals a Listing and

satisfies the Act's durational requirement, *see id.* § 404.1509, the ALJ must determine the claimant's residual functional capacity ("RFC"), *id.* § 404.1520(e). "The Social Security regulations define residual functional capacity as the most the claimant can still do in a work setting despite the limitations imposed by his impairments." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013); *see* 20 C.F.R. § 404.1545.

At step four, the ALJ determines whether, in light of the RFC assessment, the claimant is capable of performing any past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is unable to perform any past relevant work, the ALJ proceeds to the fifth and last step. At this step, the burden shifts to the Commissioner to demonstrate that, taking into account the claimant's age, education, work experience, and RFC, the claimant is capable of performing substantial gainful work that exists in the national economy. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see* 20 C.F.R. § 404.1520(a)(4)(v).

## II. Review by the Court

The Court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying an application for DIB or SSI. It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted). Instead, in performing its review, the Court is "limited to determining whether the [Commissioner's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian*, 708 F.3d at 417 (citation omitted). If the Commissioner's findings of fact are supported by substantial evidence, they are

"conclusive." 42 U.S.C. § 405(g). In other words, "[i]f there is substantial evidence to support the determination, it must be upheld." *Selian*, 708 F.3d at 417.

"Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

## DISCUSSION

### I. The ALJ's Decision

The ALJ applied the five-step, sequential evaluation described above in determining whether Plaintiff was disabled. Before proceeding to step one, the ALJ found that Plaintiff last met the insured status requirements of the Act on December 31, 2014. (Dkt. 4 at 21).

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity between June 1, 2014, the alleged onset date, and December 31, 2014, the date last insured. (*Id.*). The ALJ found at step two that Plaintiff had the following severe impairments through the date last insured: "left knee degenerative joint disease with chondromalacia: a right clavicle fracture mal-union with displacement; obesity; lumbago; depressive disorder; and panic disorder." (*Id.* at 22). The ALJ also concluded that Plaintiff had the following non-severe impairments: "left wrist ganglion cyst, hearing loss, migraines, and fibromyalgia." (*Id.*).

The ALJ found at step three that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the Listings. (*Id*.). At step three, the ALJ specifically discussed the criteria of Listings 1.15, 1.18, 12.04, and 12.06. (*Id*. at 22-23).

The ALJ assessed Plaintiff's RFC and determined that, through the date last insured, Plaintiff retained the ability to perform light work as defined in 20 C.F.R. § 404.1567(b), with the additional limitations that Plaintiff:

> was able to lift or carry up to 20 pounds occasionally and 10 pounds frequently, while sitting; stand or walk up to four hours total in an 8-hour workday; and sit up to six hours total in a workday, with regularly scheduled breaks. In addition, he was limited to jobs that could be performed while using a hand-held assistive device (cane) at all times when walking, and the contralateral upper extremity (free hand) could be used to lift or carry up to 10 pounds occasionally. He was also limited to occasionally pushing or pulling objects with the right upper extremity; and limited to occasionally using his left lower extremity for foot control operation. Moreover, during the period at issue, [Plaintiff] could never climb ladders, ropes, or scaffolds and only occasionally climb ramps and stairs and occasionally balance, stoop, crouch and kneel. He could frequently reach with the right arm but only occasionally reach overhead; and was limited to frequent handling and fingering with the dominant right hand. Furthermore, [Plaintiff] was limited to low stress jobs, defined as positions with no more than occasional changes in the work setting. He needed to avoid all fast-paced work environments (defined as constant activity with work tasks performed sequentially in rapid succession); was limited to occasional brief and superficial contact with the public; and was limited to occasional interaction with co-workers and frequent interaction with supervisors. Finally, he would have been off task up to 5% of the workday, in addition to regularly scheduled breaks.

(*Id*. at 23). The ALJ then proceeded to step four and found that Plaintiff was unable to perform any past relevant work through the date last insured. (*Id*. at 27).

The ALJ found at step five that—considering Plaintiff's age, education, work experience, and RFC—there were jobs that exist in significant numbers in the

national economy that Plaintiff could perform through the date last insured. (*Id.* at 28-29). The ALJ ultimately concluded that Plaintiff was not disabled, as defined in the Act, at any time from June 1, 2014, the alleged onset date, through December 31, 2014, the date last insured. (*Id.* at 29).

## II. Remand for Further Administrative Proceedings is Required

Plaintiff argues that "[t]he ALJ (1) improperly relied on his lay interpretation of the raw medical record to craft the RFC, (2) he did so despite Plaintiff's mental impairments, and (3) he improperly included highly specific limitations in the RFC. Due to this the RFC was not supported by substantial evidence." (Dkt. 8-1 at 1). For the reasons set forth below, the Court finds that the ALJ's failure to adequately explain the basis for his RFC finding frustrates meaningful judicial review and precludes a finding that the Commissioner's determination was supported by substantial evidence. Accordingly, remand for further administrative proceedings is required.

It is the ALJ's duty to "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). "[G]enerally, an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (quotation and citation omitted). However, "[a]n RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ, as the Commissioner's regulations make clear." *Curry v. Comm'r of Soc. Sec.*, 855 F. App'x 46, 48 n.3 (2d Cir. 2021) (finding it was proper for the ALJ "pursuant to his statutory authority . . . [to] consider[] the medical and other evidence

in the record in its totality to reach an RFC determination"). "Where . . . the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (quotations and citations omitted); *see also Scott v. Comm'r of Soc. Sec.*, No. 19-CV-00959, 2020 WL 6205693, at *3 (W.D.N.Y. Oct. 22, 2020) ("[A]n ALJ's RFC determination is not fatally flawed merely because it was formulated absent a medical opinion."). However, "[i]n arriving at the RFC, the ALJ's reasoning must always be sufficiently discernible as to allow a reviewing court to ensure that the ALJ employed the proper standards and rendered a decision supported by substantial evidence." *Jennifer S. v. Comm'r of Soc. Sec.*, 771 F. Supp. 3d 256, 266 (W.D.N.Y. 2025) (quotation and citation omitted); *see also Scott*, 2020 WL 6205693, at *4 ("When an ALJ does not connect the record evidence and RFC findings or otherwise explain how the record evidence supported her RFC findings, the decision leaves the court with unanswered questions and does not afford an adequate basis for meaningful judicial review.") (quotation omitted).

In this case, the ALJ's task was to determine Plaintiff's RFC during the limited period between June 1, 2014, the alleged onset date, and December 31, 2014, the date last insured. In doing so, the ALJ "considered evidence from the period somewhat before the alleged onset date and somewhat after the date last insured to give a fair assessment of the period at issue." (Dkt. 4 at 26). As set forth above, the ALJ ultimately concluded that during the relevant time period, Plaintiff was capable of performing light work with numerous additional limitations. (*Id.* at 23).

The Court is unable to discern how the ALJ reached his RFC finding in this case. The ALJ recited the evidence of record but failed to tether it in any meaningful way to the limitations included in the RFC finding. The ALJ noted that there was "evidence that [Plaintiff] was not as limited as he alleged during the period of review (June 1, 2014 through December 31, 2014)," identifying particularly a mental status examination in July of 2014 that did not show significant abnormalities and the fact that Plaintiff "was riding a motorcycle and restoring motorcycles," yet offered no explanation for how that evidence related to or supported his RFC finding. In fact, the ALJ's decision contains no specific discussion of the limitations set forth in the RFC finding at all.

The ALJ's discussion of the medical opinions of record also offers no explanation for the RFC finding. The ALJ found three of the four medical opinions of record unpersuasive and did not rely upon them in determining Plaintiff's RFC. (Dkt. 4 at 27). The fourth medical opinion of record, which the ALJ found persuasive, declined to identify any functional limitations, because the provider who completed the form stated, "have not tested so I cannot speak to this." (*Id.* at 745-6). This opinion thus cannot be the source of the functional limitations set forth in the RFC finding.

While "it is not fatal for an RFC to be formulated without a medical source statement, here the ALJ's decision lacked an analysis of how the evidence supported the RFC finding." *Scott*, 2020 WL 6205693, at *4; *see also Richard B. v. Comm'r of Soc. Sec.*, No. 20-CV-07107-MJR, 2023 WL 3527841, at *4 (W.D.N.Y. May 18, 2023) ("[T]he ALJ included no explanation of how he arrived at the specific limitations in the RFC, another error requiring remand."); *Anthony T. v. Comm'r of Soc. Sec.*, No.

1:20-CV-815-DB, 2021 WL 3884229, at *4 (W.D.N.Y. Aug. 31, 2021) ("There must be some identifiable rationale for the [RFC] conclusion."). Absent any explanation by the ALJ as to how he arrived at his RFC finding, the Court is unable to determine that it was supported by substantial evidence. Remand for further administrative proceedings is accordingly required.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 8) is granted to the extent the matter is remanded for further administrative proceedings. The Commissioner's motion for judgment on the pleadings (Dkt. 9) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:     September 16, 2025
           Rochester, New York